IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 25 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. **'08-CV-01571**
(To be supplied by the court)

Josie Vega _____, Plaintiff,

v.

Federal Bureau of Prisons' Director Lappim _____,

Federal Bureau of Prisons' Director Nalley _____,

Regional Counsel Watts _____,

Regional Admin. Rem. Coord. Fields _____,

**RECEIVED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 17 2008

GREGORY C. LANGHAM

Wandem of Adx Wiley _____,

Admin. Rem. Coord of adx L. Garcia _____,

Executive Assistant of Adx Leamme _____,

Captain of Adx Castaneadan _____, Defendant(s).

(List each named defendant on a separate line.)

## PRISONER COMPLAINT

(Rev. 1/30/07)

(i) of (iv)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

Jose Vega _____, Plaintiff,

v.

Counselor of Adx Arroyo _____,

Case Manager of Adx Fluke _____,

Education Asst. Super. of Adx Mack _____,

Teacher of Adx Machak _____,

Librarian of Adx Swift _____,

Correctional Officer Allen, of adx _____,

Correctional Officer Brutuis, of adx _____,

Correctional Officer Brutuis, of adx _____, Defendant(s).
(List each named defendant on a separate line.)

**PRISONER COMPLAINT**

(Rev. 1/30/07)

(ii) of (iv)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

Jose Vega _____, Plaintiff,

v.

Correctional Officer of Adx, Collins _____,

Correctional Officer of Adx, Davis _____,

Correctional Officer of Adx, Gannison _____,

Correctional Officer of Adx, Goff _____,

Correctional Officer of Adx, Holcomb _____,

Correctional Officer of Adx, Janboe _____,

Correctional Officer of Adx, Jett _____,

Correctional Officer of Adx, Lee _____, Defendant(s).

(List each named defendant on a separate line.)

## PRISONER COMPLAINT

(Rev. 1/30/07)

(iii) of (iv)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

Jose Vega _____, Plaintiff,

v.

Correctional Officer of Adx McCollough _____,

Correctional Officer of Adx Methenall _____,

Correctional Officer of Adx Potter _____,

Correctional Officer of Adx Didesinger _____,

Correctional Officer of Adx Dmith _____,

Correctional Officer of Adx Vadonma _____,

Others Unkn. and/or Unident. within BOP _____,

or Employed at Adx _____, Defendant(s).

(List each named defendant on a separate line.)

**PRISONER COMPLAINT**

(Rev. 1/30/07)

(iv) of (iv)

## A. PARTIES

1. Jose Vega #45189-053; U.S.P. Adx; Post Office Box 8500;
   (Plaintiff's name, prisoner identification number, and complete mailing address)
   Florence, Colorado 81226-8500

2. Lappin, Director for Federal Bureau of Prisons' Central Office;
   (Name, title, and address of first defendant)
   320 First Street Northwest; Washington, D.C. 20534
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? X Yes ___ No (CHECK ONE). Briefly explain your answer:
   Defendant was employed, and held office when he directly/indirectly violated Bureau Policies; Job functions; federal laws; & plaintiff rights. See, Brentwood AC. v. Tenn. Sec. Sch. Ath. Ass'n 531 U.S. 288 (2001)

3. Watts, General Counsel for Federal Bureau of Prisons' Central Office;
   (Name, title, and address of second defendant)
   320 First Street Northwest; Washington, D.C. 20534
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? X Yes ___ No (CHECK ONE). Briefly explain your answer:
   Defendant was employed, and held office when he directly/indirectly violated Bureau Policies; Job functions; federal laws; & plaintiff rights. See, Brentwood, supra.

4. Nalley, Director for North Central Office for Federal Bureau of Prisons
   (Name, title, and address of third defendant)
   400 State Avenue; Gateway Complex Tower II, Kansas City, K.S. 66101
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? X Yes ___ No (CHECK ONE). Briefly explain your answer:
   Defendant was employed, held office when he directly/indirectly violated Bureau Program statements; Job functions; federal laws; & plaintiff rights. See, Brentwood, supra.

(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant. The information about additional defendants should be labeled "A. PARTIES.")

(Rev. 1/30/07)                                    2

Continuation Page...    A. Parties

5. Name, Title and Address of 4Th Defendant: Fields, Regional Admin. Rem. Coord. for the Federal Bureau of Prisons, North Central Regional Office; 400 State Avenue; Gateway Complex, II Tower, Kansas City, Kansas 66101.

At the time the claims alleged arose, was this Defendant acting under color of law? X Yes ___ No. Explanation of Answer follows: Defendant was employed when she directly/indirectly violated Bureau Policy, federal laws; and plaintiffs' rights.

6. Name, Title and Address of 5Th Defendant: Wiley, Warden of Adx, U.S. Penitentiary Adx; 5880 Hwy 67 South, Florence, Colorado 81226

At the time the claims arose, was this Defendant acting under color of law? X Yes ___ No. Explanation of Answer follows: Defendant was employed when he directly/indirectly violated Bureau Policy, federal laws; and plaintiffs rights.

7. Name, Title, and Address of 6Th Defendant: Garcia, Adx Adm. Rem coord. for the Prison, U.S. Penitentiary Adx; 5880 Hwy 67 South, Florence, Co. 81226.

At the time the claims arose, was this Defendant acting under the color of law? X Yes ___ No. Explanation follows: Defendant was employed when he'd directly/indirectly violated policy; and plaintiffs rights

8. Name, Title and Address of 7Th Defendant: Leamme, Adx Exec Asst. U.S. Penitentiary Adx; 5880 Hwy 67 South, Florence, Co. 81226. This Defendant was employed when she'd directly/indirectly violated policy, federal laws; plaintiffs' rights.

(2)(A)

Continuation Page...        A. Parties

9.  Name, Title and Address of 8th Defendant: Castaneada, Captain of Adx, United States Penitentiary Adx: 5880 Hwy 67 South, Florence, Co. 81226

At the time the claims arose, was this Defendant acting under color of law? X yes ___No. Explanation of answer follows: Defendant was employed when he directly\indirectly violated Bureau policy, federal laws; and Plaintiffs' rights.

10.  Name, Title and Address of 9th Defendant: Arroyo, Counselor of Adx, United States Penitentiary Adx: 5880 Hwy 67 South, Florence, Co. 81226.

At the time the claims arose, was this Defendant acting under color of law? X yes ___No. Explanation of answer follows: Defendant was employed when he directly\indirectly violated Bureau policy, federal laws; and Plaintiffs' rights.

11.  Name, Title and Address of 10th Defendant: Huke, Case Manager of Adx, United States Penitentiary Adx: 5880 Hwy 67 South, Florence, Co 81226.

At the time the claims arose, was this Defendant acting under Color of law? X yes ___No. Explanation of answer follows: Defendant was employed when directly\indirectly violated Bureau policy, federal laws; and Plaintiffs' rights.

12.  Name, Title and Address of 11th Defendant: Mack, Education Dept. Supervisor, Assistant, of Adx, U.S. Penitentiary Adx: 5880 Hwy 67 South, Florence, Co. 81226.

At the time the claims arose, was this Defendant acting under Color of law? X yes ___No. Explanation of answer follows: Defendant was employed when directly\indirectly violated Bureau policy, federal laws; and Plaintiffs' rights.

(2)(B)

Continuation Page...   A. Parties

13. Name, Title and Address of 12Th Defendant: Machak, Teacher of Adx, United States Penitentiary Adx: 5880 Hwy 67 South, Florence, Co 81126
At the time the claims arose, was this Defendant acting Under Color of Law? X yes ___ No. Explanation of answer follows: Defendant was employed when directly/indirectly violated Bureau policy, federal laws; and Plaintiffs' rights.

14. Name, Title and Address of 13Th Defendant: Swift, Librarian of Adx, United States Penitentiary Adx: 5880 Hwy 67 South Florence, Co. 81226.
At the time the claims arose, was this Defendant acting under Color of law? X yes ___ No. Explanation of answer follows: Defendant was employed when directly/indirectly violated Bureau policy, federal laws; and Plaintiffs' rights.

15. Name(s) Title(s) and Address(es) of 14Th - 31 ST Defendants: Allen, Brutsio, Brutsio, Collins, Davis, Garrison, Goff, Holcomb, Janboe, Jett, Lee, McCollough, Metherell, Potter, Sideburgen, Smith, Vadonna; and Others Unknown and/or Unidentified, Correctional Officers at Adx, United States Penitentiary Adx: 5880 Hwy 67 South, Florence, Colorado 81226
At the time the claims arose, was these Defendants acting under Color of Law? X yes ___ No. Explanation of answer follows: Defendants was employed when directly/indirectly violated Bureau policy, federal laws; and Plaintiffs' rights.

(2)(c)

Continuation Page...                    Q. Parties

16. Name(s), Title(s), Address(es) of 32nd Defendants: Unknown and/or Unidentified employees of Adx, United States Penitentiary Adx: 5880 Hwy 67 South, Florence, Colorado 81226

At the time the Claims arose, was these Defendants acting under Color of law? _X_ yes ___ No. Explanation of answer follows: Defendants were employed when directly/indirectly violated Bureau policy; federal laws, and Plaintiffs' rights

17. Names, Titles, Addresses of 33rd Defendants: Names, and Titles Unknown, employees of the Federal Bureau of Prisons' Central Office; 320 First Street Northwest; Washington, D.C. 20534.

At the time the Claims arose, was these Defendants acting under Color of law? _X_ yes ___ No. Explanation of answer follows: Defendants were employed when did knowingly, willfully and intelligently, directly\or indirectly violated Bureau policy; federal laws; and Plaintiffs' rights.

18. Names, Titles, Addresses of 34th Defendants: Names, and Titles Unknown, employees of the Federal Bureau of Prisons' North Central Office; 400 State Avenue, Gateway Complex, Tower II, 8th Floor, Kansas City, Kansas 66101.

At the time the Claims arose, was these Defendants Acting under Color of law? _X_ yes ___ No. Explanation of answer follows: Defendants were employe[d] when directly/indirectly violated Bureau policy, federal laws; and Plaintiffs' rights.

(2)(D)

## B. JURISDICTION

1. I assert jurisdiction over my civil rights claim(s) pursuant to: (check one if applicable)

   ___ 28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

   ☒ 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2. I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

   Article III, Section II, Clause I; Title 28 U.S.C. §§ 1343(a)(3), 1346(b)(1), and § 2201-02; and Civil Rights of Institutionalized Persons Act, Title 42 U.S.C. § 1997 et. seq.

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

1. The plaintiff is a federal prisoner at United States Penitentiary, administrative maximum, in Florence Colorado, where he is confined in the Supermaximis control unit, that is where he is serving a projected term of eight years of segregated/administrative detention time, in consequence to, a disciplinary incident at another prison.

2. For a substantial term of Plaintiffs' confinement, and continuing now, he has endured the long sufferings of extreme sensory and human rights deprivations, and tolerated Defendants' conspiracy to set up future events including but not limited to them employing a scheme to create an inhabitable environment during service of sentence.

1. These deprivations, ordinary impermissible, permissible forms of punishments are seemingly permissible on its face, under the Bureau of Prisons and/or Adx's regulations, yet, impermissible under the Constitution, or federal laws of the United States.

(Rev. 1/30/07)                                    3

...Continuation... C. Nature of Case

3. As a result of Defendants' Machavillian and Hittentanian behaviors, his fundamental rights under the U.S. Constitution are being violated, videlicit, his Eighth, Fifth and First Amendment rights.

4. The Defendants improprieties are comised as follows: (i) Communicating to prisoners in Control Unit or transferring therefrom to other designations and within the prison that plaintiff is a "rat", child molester, or sex offender; or Coward -- purposely to generate stigma, or in endeavors to create an inhabitable environment for Plaintiff during his imprisonment; (ii) assailing Plaintiff with opprobrious or abusive language and suicidal encouragements; (iii) administering narcoleptic agent to plaintiff while naturally asleep, without a legitimate penological objective, medical reason, or plaintiffs' consent, that is, to render him infirm against Defendants and their accompanying inmates, entering his cell to administer assaults; (iv) administering, supervising or encouraging physical and sexual assaults upon plaintiff while infirmed by narcoleptic; (v) tainting Plaintiffs edibles with unwholesome residues of: excrements, repast intended for domestic animals, mace (chemical agent used in use of force incidents); pencil leads; and tobacco products; (vi) harassing Plaintiff with taunting comments in regards to their antecedent improprieties; (vii) falsifying documents; (viii) exasperating Plaintiff into disciplinary incidents by the above mentioned to modify his projected term, aggregate sanctions including that to incur long term idleness and invoke extreme sensory deprivations -- adding an unduly strain to familial and friendship associations and communications with Loved ones; (ix) violating Plaintiff bodily integrity while in four point and/or ambulatory restraints; (x) dispensing issues in

3(a)

... Continuation   <u>C. Nature of Case</u>

Submitted plaints in regards to staff misconduct and medical referrals to insulate themselves from adequately investigating claims of staff misconduct relating to physical and sexual abuses, reporting them; or providing adequate medical care; (X) Actions of reprisals such as, placements on disciplinary racks for extensive periods, denials of meals, daily exercise periods and being deliberately indifferent to plaintiff mail without being adjudicated guilty for a prohibited code under the 'prisons' disciplinary system, or without the procedural due process required by law; and (xi) denying Plaintiff equal rights of enjoying the rights, privileges and immunities secured by federal laws, regulations and policies of the United States and/or Bureau of Prisons.

5. In aftereffects of Defendants improprieties, he has suffered: constant headaches, assaults, constipation, injury to esophagus, anxiety, depression, mental duress, stigmatization, debilitated associations, weight loss; and other things.

Succinctly, the Plaintiff conditions of confinement are tantamount to that past reported at "Abu Gharib" and "Guantanamo Bay", inasmuch as, he's been treated inhumane; and the augmented punishments of extreme isolation has caused atypical hardships for Plaintiff and love ones; thereby, amounting to cruel and unusual punishments.

6. Moreover, they violated the statutory language in Title 18 U.S.C. Section 4042(a)(2); as well as, his First and Fifth Amendment rights.

7. Plaintiff conditions of confinement -- if allowed to continue is likely to cause severe psychiatric morbidity, illness, disability, suffering escalated violence encompassing assault, rape or mortality. See e.g. <u>Jones'EL v. Berge</u>, 164 F. Supp. 1096, 1101-1102 (7th Cir. 2001), <u>Ramos v. Lamm</u>, 639 F.2d 559 (10th Cir. 1980); and Title 42 U.D.C. § 15601-Met. seq.

3 (b)

... Continuation        C. Nature of Case

8.     Accordingly, Plaintiff files this Bivens Action in accordance with <u>Wilkee v. Robbins</u>, 168 L.Ed.2d 389 (2007) to correct constitutional wrongs.

9.     As relief, Plaintiff seeks injunctive relief to remedy the flaggrant misconduct and unvirtues of Defendants, reduce the risks of "irreparable injury" that is likely to result from constitutional abridgements, or from the harm he's vulnerable to, by way of unconstitutional conditions of confinement; and further, Plaintiff requests a jury trial on the merits of case, as well as monetary damages under Title 28 U.S.C. §§ 2402; 2201-02, respectively.

3(c)

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One: Deliberate Indifference To The Constitutional Rights of Plaintiffs and\or The laws, Regulations or Policies of the U.S., or Federal Bureau of Prisons.

Supporting Facts: 1) At all times covered during the period of Plaintiffs' allegations in this civil rights action the following Federal Bureau of Prisons' Proxy members: Lappin, Watts, Talley, Fields, Wiley, Leeamn, Garcia, Arroyo, Fuke, and others unknown was a group of individuals who associated together -- directly or indirectly from 2006 through 2008, for the primary purposes of: Using their administrative authority to oppress the plaintiff, Mr. Jose Vega, hereinafter as "Plaintiff", and extremely deprive him of his rights, privileges and immunities of federal laws or regulations of the United States and\or Federal Bureau of Prisons.

2) Together these Defendants willfully, knowingly and intelligently subjected Plaintiffs to substantial risks of harms by physical and sexual assaults and stigmatizations, and\or directly participated in them to cause physical, mental and\or social harms, in furtherance of their political agendas and\or self serving interests (i.e., Authorizations of increased appropriations and\or federal grants from Congress -- to contribute to its eco system, securing air bus interstate transportations to Medical Center in Springfield, Missouri, increase salaries; environment manipulation and reprisals), and inflicted Cruel and Unusual punishments.

3) Moreover, these Defendants have denied Plaintiffs' equal rights to enjoy the right to an habitable environment and created substantial risks of harms by failing to reasonably investigate plaintiffs' complaints of threats and assaults, to abate staff misconduct which contributed to assaults and\or stigmatizations that has the potential of contributing to prison violence. Thus, whitewashing plaintiffs' plaints of misconduct and abuses, and attempting to obstruct justice by the uses of their regulations or practices, and\or customs of ongoing harassments, retaliations or oppression -- to stymie access to the Courts.

4) Wherefore allowing significant human right deprivations, injustices and misconduct to prevail for substantial period and leaving Plaintiff to endure the long sufferings of substantial risks of harms to his health and well being, in violation of Plaintiffs First, Fifth and Eighth Amendment Rights to the United States Constitution; Title 18 U.S.C. § 4042(a)(2); and The Prison Rape Elimination Act, Title 42 U.S.C. § 15601 et. seq.

(Rev. 1/30/07)                                  4

2. Claim Two: Cruel and Unusual Punishments, including Corporal Punishments in Violation of laws of The U.S. and policies or regulations of the Bureau of Prisons.

Supporting Facts: 5) Beginning in or approximately December 30th, 2006 through 2008, dates inconclusive, but approximate, the Defendants' Wiley, Castameadan, Onnoyo, Huke, Brutuis, Canboe, Lee, McCollough, Methenell and others unknown or unidentified[2], were a group of individuals who associated together at United States Penitentiary Administrative maximum, in Florence, Colorado, 81226, B Unit, for the purposes of: (i) manipulating Plaintiffs' ambiance to create enmity between him and other inmates; (ii) authorizing administering or supervising — a narcoleptic upon Plaintiff without an extant penological legal justification, medical need or consent by Plaintiff; and (iii) administered, supervised and encouraged physical and sexual assaults, and suicidal ideations, at instances with immates, sequential to being under the heavily sedated effects of narcoleptic agents to render Plaintiff imbrium against repugnant violations, and hence, violated Plaintiffs' right to his bodily integrity.[3]

6). Together, the Defendants named above and their cohorts did knowingly and intentionally cause harm and stigmatization by their unlawfulness, and tyrannical and repugnant actions, in violation of the Federal Bureau of Prison Program Statement 3420.09 Standards of Employee Conduct; and federal laws, or regulations of the United States, namely, Title 18 U.S.C. § 4042(a)(2); the Prison Rape Elimination Act, Title 42 U.S.C. § 15602 et. seq.; and Plaintiffs' Fifth and Eighth Amendment rights under the United States Constitution.

---

2. Others Unknown includes both female employees and inmates.

3. Defendant Castameadan is not being accused of directly participating in physical and sexual assaults. Contrariwise, his liability is knowing of events and not responding reasonably to abate them from reoccurring; failing to follow standard protocol of program statement 3420.09, Standards of employee conduct; and authorizing or supervising the administered narcoleptic, and/or being deliberate indifferent to federal laws, and plaintiffs health and well being.

3. Claim Three: <u>Cruel and Unusual Punishments, involving conditions of Confinement, in violation of laws, Regulations and Policies of the U.S. and Federal Bureau of Prisons.</u>

Supporting Facts: 7) At all times covered by the period of Plaintiff's allegations the Defendants: Lappin; Nalley; Watts; Fields; Wiley; Leeamn; Garcia; Castaneada; Arroyo; Fluke; Mack; Machak; Dwight; Bruton; Bruton; Collins; Davis; Garrison; Sosa; Holcomb; Janboe; Zett; Lee; McCollough; Metherell; Potter; Sidesinger; Smith; Smith; Vadomma; and others unknown or unidentified -- employed by the Federal Bureau of Prisons and at United States Penitentiary, Administrative Maximum, Located in Florence, Colorado 81226, individually or collectively — did conduct or participate directly or indirectly in activities to create unconstitutional conditions of confinement through their policies — stonewalling Plaintiff's [redacted] plaints submitted for redress of legitimate grievances of wrongs; failing to respond reasonably; actions of oppression — to cause disequilibrium with physical, mental and emotional conditions of health; falsifying documents; obstructing school enrollment; and by ways of using one or more of the following transgressions to provoke him into disciplinary actions: (i) placing Plaintiff in exam cell for substantial period and implementing inhumane feeding procedures; albeit alternative existence of means to service Plaintiff's trays are available; (ii) violating Plaintiff's bodily integrity by drug, physical and sexual assaults; (iii) tainting Plaintiff's edibles with residues known to be harmful to his physical and mental health; (iv) Causing stigmas by branding Plaintiff a "rat", child molester, sex offender and coward; (v) subjecting Plaintiff to extreme isolation, including sensory deprivations — abridging upon his familial and friendship associations; (vi) Creating conditions where habilitated activities are lacking; (vii) encouraging suicidal ideations; (viii) denying Plaintiff adequate medical care, meals or daily recreation or exercise periods; (ix) being deliberately indifferent to his outgoing/incoming mail; and (x) imposing significant sanction to create atypical hardships and exempt Plaintiff from enjoying the rights, privileges, and immunities secured by the laws, regulations, or policies of the United States and/or Federal Bureau of Prisons in violation of Title 18 U.S.C. § 4042 (a)(2); Title 42 U.S.C. §§ 12101 et. seq., 15602 et. seq.; 2000bb; and Plaintiff's first, fifth and Eighth Amendment rights under the Federal Constitution.

(Rev. 1/30/07)                                6

4. Claim Four: <u>Deliberate Indifference To Plaintiffs' Health and Well being In violation of The laws of The United States</u>

Supporting Facts: 8) Plaintiffs by adoption and reference to previous claims alleged herein, and if feasible, Civil action 07-CV-1356, incorporated allegations pursuant to Fed. Rules of Civ. Procedures, Rule 10(c), Title 28 U.S.C.A. (2006).

9) Defendants: Lappin; Nalley; Fields; Wiley; Leeamn; and others unknown or unidentified at United States Penitentiary Administrative Maximum, Located in Florence, Colorado 81226, was a group of individuals who associated together, directly or indirectly for the primary purposes of: encouraging harms to plaintiffs by egregious actions described in paragraphs 1-3; 5 and 7, and exasperating psychiatric decompensation, mental and emotional diversions, and contributed to long sufferings of human right deprivation from such unconstitutional conditions of confinement, and denying plaintiff requests for medical care, including telemed psychiatric counseling, to ascertain whether or not plaintiff has been afflicted with Special Housing Unit or Post-traumatic Stress Syndromes; as well as, promoting prison violence such as, assaults, prison rape, homicide and/or suicide.

10) Thereby, breaching their duties of standards of human care and decency, or subsistence owed to plaintiffs, as articulated under Title 18 U.S.C. § 4042(a)(2); and the Prison Rape Elimination Act of 2003, Title 42 U.S.C § 15601-09, public Law 108-79, 108Th Congress. Thus, Consequently, violating Plaintiffs' 5th and Eighth Amendment rights to the Federal Constitution.

(Rev. 1/30/07)            7

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? _X_ Yes ___ No (CHECK ONE). If your answer is "Yes," complete this section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit:

   United States Department of Justice; Federal Bureau of Prisons also, R. Wiley, Castameadair, Lt. Gray, Collins, Davis, Gobb, Holcomb, Janboe, Jett, Potter, Madd[?]na, Cidesinger and Officers unk. of unid., employed at adx

2. Docket number and court name:

   Docket No. CV-04-2398 District Court M.D. of Pennsylvania
   Docket No. CV-07-00827 District Court of Colorado; and
   Docket No. CV-07-1356 - District Court of Colorado

3. Claims raised in prior lawsuit:

   1) Excessive force, and inadequate medical care;
   2) Conditions of confinement; and
   3) Cruel and unusual Punishments

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?):

   The civil action pending is 07-cv-1356, filed in This Court.

5. If the prior lawsuit was dismissed, when was it dismissed and why?

   The prior suits were dismissed for failing to Exhaust adm. Remedies; and voluntary dismissal.

6. Result(s) of any appeal in the prior lawsuit:

   affirmed.

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?
   _X_ Yes ___ No (CHECK ONE).

2. Did you exhaust available administrative remedies? _X_ Yes ___ No (CHECK ONE).

(Rev. 1/30/07)                                8

## G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

Essentially, Plaintiff requests: (i) a liberal construction of his pleadings under Hall v. Bellmon 935 F.2d 1106 (10Th Cir. 1991); (ii) Conference hearing pursuant to Title 42 U.S.C. §1997e(b)(1) and Rule 16 et. seq., of the Fed. R. Civ. Pro.; (iii) Martinez Report from Defendants per the dictum in Martinez v. Aaron, 570 F.2d 317 (10Th Cir. 1978); (iv) remedy of constitutional wrongs. See e.g. Wilkee v. Robbins, 168 L. Ed. 2d 389 (2007)(Bivens actions remedy to correct unconstitutional conditions, and deter unconstitutional behaviors); (V) injunctive relief — proscribing unconstitutional conditions of confinement, commanding Defendants to cease their tyrannical and egregious behaviors acts of oppression and/or harassments, and directing defendants to perform their obligation owed to plaintiff under preexisting law. See e.g. Simmat v. U.S. Bureau of Prisons, 413 F.3d 1225, 1231-33 (10Th Cir. 2005) recognizing that federal courts have jurisdiction to issue injunctions to protect rights safeguarded under the Constitution); (vi) jury trial under Title 28 U.S.C. section 2402; (vii) order permitting plaintiff to present his testimony per Fed. R. Civ. Pro. 43(a); (viii) monetary award; (IX) appointment of arbitrator to monitor plaintiff conditions (on monthly basis) pursuant to Title 42 U.S.C. §1997 et. seq.); and (X) any other relief deem just pursuant to Title 28 U.S.C. § 2201-2202.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on _July 11th 2008_
(Date)

_Jose Vega_
(Prisoner's Original Signature)

4. Should the Court require additional facts or documentary evidence from Plaintiff's allegations against Defendants; or facts pertaining to their improprieties of threats and/or assault(s); or relating to his claims of exhaustion of remedies; and so forth, the Plaintiff requests a conference hearing per Rule 16 et. seq., of the Fed. R. Civ. Procedures; and that this Judiciary advise him that additional information is needed in compliance with the D.C. Colo. L. Civ. R. 8.2 et. seq., and Circuit jurisprudence. See Hall v. Bellmon, 935 F.2d 1106 (10Th Cir. 1991).

(Rev. 1/30/07)   9