IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01571-BNB

JOSE VEGA,

    Plaintiff,

v.

LAPPIN, Chf. Director of Bureau of Prisons C.R.O.,
NALLEY, Director of Bureau of Prisons N.C.O.,
WATTS, Regional Counsel, Central Regional Office,
FIELDS, Regional Admin. Rem. Coord., N.C.O.,
WILEY, Warden of ADX,
LEANN, Executive Assistant at ADX,
GARCIA, Admin. Rem. Coord. At ADX,
CASSAMEADOR, Captain at ADX,
ARROYO, Counselor at ADX,
FLUKE, Case Manager at ADX,
MACHAK, Teacher at ADX,
SWIFT, Librarian at ADX,
ARCO, Correctional Officer at ADX,
ALLEN, Correctional Officer at ADX,
BRUTUIS, Correctional Officer at ADX,
COLLINS, Correctional Officer at ADX,
DAVIS, Correctional Officer at ADX,
GARRISON, Correctional Officer at ADX,
HOLCOMB, Correctional Officer at ADX,
JARBOE, Correctional Officer at ADX,
JETT, Correctional Officer at ADX,
LEE, Correctional Officer at ADX,
McCOLLOUGH, Correctional Officer at ADX,
METHERELL, Correctional Officer at ADX,
POTTER, Correctional Officer at ADX,
SIDESINGER, Correctional Officer at ADX,
SMITH, Correctional Officer at ADX,
VADONNA, Correctional Officer at ADX,
BAILEY, Psychologist at ADX,
DUNLAP, Discip. Hearing Officer at ADX,
HAYGOOD, Counselor at ADX,
OTHERS UNKNOWN EMPLOYED BY THE BOP, and
OTHERS UNKNOWN EMPLOYED AT ADX,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 15 2008

GREGORY C. LANGHAM
                 CLERK

## ORDER OF DISMISSAL

Plaintiff Jose Vega is in the custody of the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. Mr. Vega initiated this action by filing **pro se** a Prisoner Complaint alleging violations of his rights under the United States Constitution. In an order filed on August 15, 2008, Magistrate Judge Craig B. Shaffer ordered Mr. Vega to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. After being granted extensions of time until November 28, 2008, to file his amended complaint, Mr. Vega filed an amended Prisoner Complaint on December 1, 2008. Mr. Vega also filed on December 1 nine motions and seven other documents. In one of the motions filed on December 1, Mr. Vega requests an extension of time to file his amended complaint if it is received after the November 28 deadline. That motion will be granted. All other pending motions will be denied as moot.

The Court must construe the amended complaint liberally because Mr. Vega is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. **See id.** However, the Court should not be an advocate for a **pro se** litigant. **See Hall**, 935 F.2d at 1110.

The Court has reviewed Mr. Vega's amended complaint and finds that the amended complaint still fails to comply with the pleading requirements of Rule 8. As

Mr. Vega was advised, the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Vega fails in his amended complaint, which is eighty-four pages long, to set forth a short and plain statement of his eleven claims showing that he is entitled to relief in this action. As opposed to providing a simple, concise, and direct statement of each asserted claim, Mr. Vega's amended complaint consists mainly of repetitive and conclusory allegations regarding the conditions of his confinement. At least five of Mr. Vega's claims are simply restatements of other claims in the amended complaint. Furthermore, despite the significant bulk of the amended complaint, Mr. Vega fails to

state, clearly and concisely, precisely how each of the named Defendants allegedly has violated his constitutional rights. Instead, for each claim, Mr. Vega merely provides a list of names of the Defendants that allegedly violated his rights without providing specific allegations that identify when and how each named Defendant violated his rights.

Magistrate Judge Shaffer specifically advised Mr. Vega that, in order "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Magistrate Judge Shaffer also advised Mr. Vega that he must allege how each named Defendant personally participated in the asserted constitutional violations. Despite these specific instructions, Mr. Vega has failed to file an amended complaint that complies with the pleading requirements of Rule 8. Therefore, the action will be dismissed for failure to comply with the pleading requirements of Rule 8.

In addition, Mr. Vega has failed to make the required monthly filing fee payments in this action. In an order filed on July 25, 2008, Magistrate Judge Boyd N. Boland granted Mr. Vega leave to proceed ***in forma pauperis*** pursuant to 28 U.S.C. § 1915 and he was allowed to proceed without payment of an initial partial filing fee. Pursuant to § 1915(b)(1), Mr. Vega was ordered to pay the $350.00 filing fee and he was directed to pay the filing fee in installments. Pursuant to § 1915(b)(2), Mr. Vega is required to make "monthly payments of 20 percent of the preceding month's income credited to

[his] account" until the filing fee is paid in full. In the July 25 order, Mr. Vega was instructed either to make the required monthly payments or to show cause each month why he has no assets and no means by which to make the monthly payment. In order to show cause, Mr. Vega was directed to file a current certified copy of his inmate trust fund account statement. Mr. Vega was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this action without further notice.

On August 6, 2008, Mr. Vega filed a certified copy of his inmate trust fund account statement dated July 28, 2008, demonstrating that he lacked sufficient funds to make a monthly filing fee payment at that time. On September 15, 2008, Mr. Vega filed a certified copy of his inmate trust fund account statement dated September 4, 2008, demonstrating that he lacked sufficient funds to make a monthly filing fee payment at that time. On October 21, 2008, Mr. Vega filed a certified copy of his inmate trust fund account statement dated September 21, 2008. On November 5, 2008, Mr. Vega filed another copy of his September 21, 2008, inmate trust fund account statement. On December 2, 2008, Mr. Vega again filed a copy of his September 21, 2008, inmate trust fund account statement.

Mr. Vega has not made any monthly filing fee payments in this action. He also has failed to show cause why he did not make monthly filing fee payments in October and November of 2008 because he has not filed certified copies of his inmate trust fund account statement for any period of time after September 21, 2008. Therefore, the action also will be dismissed for failure to comply with Magistrate Judge Boland's July 25 order and the requirements of § 1915(b)(2). Accordingly, it is

ORDERED that the motion for an extension of time filed on December 1, 2008, (docket #47) is granted. It is

FURTHER ORDERED that the complaint, the amended complaint, and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and for failure to comply with Magistrate Judge Boland's July 25 order and the requirements of 28 U.S.C. § 1915(b)(2). It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 12 day of Dec., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01571-BNB

Jose Vega
Reg. No. 45189-053
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/15/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk